Crosby Wilfredo ORANTES–HERNANDEZ, et al., Plaintiffs—Appellees,

v.

Eric H. HOLDER, Jr., Attorney General, et al., Defendants—Appellants.

Nos. 07–56509, 08–55231.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 8, 2008.

Filed April 6, 2009.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Linton Joaquin, Esquire, Karen Cassandra Tumlin, Staff, Ranjana Natarajan, Esquire, Mark D. Rosenbaum, ACLU Foundation of Southern California, Los Angeles, CA, Jennifer C. Newell, American Civil Liberties Union Foundation, Monica Ramirez, ACLU Foundation of Northern California Inc., San Francisco, CA, Judy Rabinovitz, American Civil Liberties Union, Legal Department, National Office, New York, NY, for Plaintiffs–Appellees.

Victor M. Lawrence, Esquire, U.S. Department of Justice, Washington, DC, Charles G. Wentworth, Kirkland & Ellis LLP, Chicago, IL, Nira Geevargis, Esquire, Lawyers' Committe for Civil Rights, San Francisco, CA, for Defendants–Appellants.

Before: FARRIS and WARDLAW, Circuit Judges, and SCHWARZER,* District Judge.

MEMORANDUM **

The government appeals the district court's denial of its motion to dissolve a permanent injunction, first entered in 1988 and subsequently modified, mandating that the Immigration and Naturalization Service [1] ("INS") advise the plaintiff class of Salvadorans of their rights, use specific procedures when detaining, processing and removing plaintiffs, and not coerce plaintiffs into signing voluntary departure agreements. The government also appeals the district court's consolidation of the provisions of the permanent injunction into one order. We have jurisdiction under 28 U.S.C. § 1292 and we affirm.

---

* The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. The INS was absorbed into the Department of Homeland Security ("DHS") in 2003 and no longer exists.

## I. BACKGROUND

In 1982, plaintiffs challenged the practices and procedures that the INS used to detain, process, and remove Salvadoran nationals. District Court Judge David ·Kenyon certified the *Orantes* class and entered a preliminary injunction. *Orantes–Hernandez v. Smith (Orantes I),* 541 F.Supp. 351, 354, 372, 385–88 (C.D.Cal. 1982). Six years later, in 1988, after conducting an extensive trial from 1985 to 1987, the district court entered a permanent injunction mandating that INS use specific procedures and prohibiting INS from coercing Salvadorans into signing voluntary departure agreements. *See Orantes–Hernandez v. Meese (Orantes II),* 685 F.Supp. 1488, 1511–13 (C.D.Cal.1988). We affirmed the district court's entry of the permanent injunction.[2] *Orantes–Hernandez v. Thornburgh (Orantes III),* 919 F.2d 549, 551 (9th Cir.1990) (noting the district court's "extensive" factual findings and conclusions of law supporting its grant of injunctive relief).

In November 2005, the government filed a motion to dissolve the injunction asserting that (1) the end of the civil war in El Salvador and the government's adoption of various immigration procedures constituted significant changes in the factual circumstances; and (2) the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, which provides for the expedited removal of inadmissible aliens, constituted a significant change in law. In October 2006, the district court, now Judge Margaret Morrow, addressed the latter argument by modifying paragraphs 2 and 11 of the injunction regarding expedited removal.

In July 2007, the district court denied the government's motion to dissolve in an extensive and thorough decision, holding that the government failed to carry its burden to show significantly changed factual conditions warranting dissolution. *Orantes–Hernandez v. Gonzales (Orantes IV),* 504 F.Supp.2d 825, 874–76 (C.D.Cal. 2007). The district court did, however, delete paragraph 10 regarding solitary confinement and paragraph 12 regarding group legal presentations at the Port Isabel Service Processing Center, finding isolated or no violations of these provisions. *Id.* at 875. The district court subsequently granted plaintiffs' motion to consolidate the provisions of the permanent injunction into one order.

## II. LEGAL STANDARDS

We review the district court's denial of a motion to dissolve a permanent injunction for abuse of discretion. *See Flores v. Arizona,* 516 F.3d 1140, 1163 (9th Cir.2008). As previously explained,

> [w]e may not reverse a district court's exercise of its discretion unless we have a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached upon weighing the relevant factors. In this context, [a] district court abuses its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact. We emphasize that our task in this context is a limited one: We do not sit to retry the case. . . .

*Id.* (alteration in original) (citations and internal quotation marks omitted). We do not consider the propriety of the underly-

---

**2.** The district court subsequently modified the injunction. In July 1991, the district court added four conditions that applied solely to the Port Isabel Service Processing Center in Texas. In September 2004, the district court entered a stipulated order clarifying the injunction to eliminate the possibility that the Office of Refugee Settlement could be held to be in violation of the injunction.

ing injunction and limit our review to the new material presented with the motion to dissolve. *Sharp v. Weston,* 233 F.3d 1166, 1169–70 (9th Cir.2000).

As the party seeking dissolution of the injunction, the government bears the initial burden of establishing that a significant change in facts or law warrants revision or dissolution of the injunction. *See Rufo v. Inmates of Suffolk County Jail,* 502 U.S. 367, 383–84, 112 S.Ct. 748, 116 L.Ed.2d 867 (1992); *United States v. Asarco Inc.,* 430 F.3d 972, 979 (9th Cir.2005); *Sharp,* 233 F.3d at 1170. If the moving party meets its initial burden, we "consider whether the proposed modification is suitably tailored to the changed circumstance." *Rufo,* 502 U.S. at 383, 112 S.Ct. 748. The government's assertion that plaintiffs bear the burden of proving noncompliance is incorrect, and the government fails to cite any supporting authority.

## III. ANALYSIS

### A. Country Conditions

■ The government argues that dissolution is warranted because conditions in El Salvador have changed and improved since the end of the civil war. While this argument would prevail if country conditions were the only basis for the injunction, it fails because we affirmed the permanent injunction on a ground independent of country conditions—INS's pattern of interference with class members' rights to apply for asylum. *See Orantes III,* 919 F.2d at 556–57, 567–68.

### B. *Orantes* Advisal

■ The injunction requires immigration authorities to notify Salvadoran detainees of their rights to apply for political asylum, to be represented by counsel, and to request a deportation hearing, which together became known as the "*Orantes* advisal." After thoroughly reviewing the evidence submitted by both parties, the district court concluded that the government did not meet its burden of establishing changed facts regarding its practice of advising Salvadorans of their right to apply for asylum. *Orantes IV,* 504 F.Supp.2d at 860–61. Though the government did establish that it adopted new forms and regulations addressing the *Orantes* advisal, *see id.* at 853–55, the district court's findings that the government did not submit evidence that its forms are used in practice, *see id.* at 855–61, or that "aliens who sign the forms are actually given an opportunity to understand what it is they are signing," *id.* at 860, are not clearly erroneous. The district court's finding that the government's compliance was mixed is also not clearly erroneous where the lack of enforcement proceedings against the government suggested compliance, but anecdotal evidence of the government's failure to provide advisals went against finding compliance. *See id.* at 851.

The government's insistence that the existence of its forms and policies alone obviates the need for the injunction misses the point. *Orantes I, II,* and *III* make it clear that the injunction seeks to remedy the government's actual practices, not just its policies on paper. In addition, we note that Form I–826, upon which the government primarily relies in arguing its compliance with the *Orantes* advisal,[3] does not

---

**3.** The district court declined to decide whether Form I–826 was adequate to advise Salvadorans of their right to apply for asylum because it found that the government "failed to meet its burden of showing that the form is properly administered." *Orantes IV,* 504 F.Supp.2d at 853. It noted, however, that Form I–826 was "potentially confusing" because it did not directly state that an alien who fears returning to his country is entitled

actually use the word "asylum" to inform aliens of their right to apply for asylum. Though the district court noted that Form I–826 need not use the word "asylum" to inform Salvadorans of their right to apply for asylum, *id.* at 852–53, we find this omission troubling.

## C. Detention Center Conditions

The district court examined extensive evidence regarding the government's detention center conditions. The court's factual findings are not clearly erroneous.

### 1. Provisions Upheld

The district court's findings of violations or of noncompliance with the following provisions are not clearly erroneous. *See id.* at 861, 872–76. First, the injunction requires the government to provide plaintiffs with legal materials regarding immigration currently available in English and Spanish, work with plaintiffs' counsel to produce additional materials in Spanish, and make detention libraries sufficiently accessible to detainees. *See id.* at 866.

Second, the injunction requires the government to provide plaintiffs with access to telephones during proceedings, provide at least one telephone per twenty-five detainees at detention centers, and ensure privacy of attorney-client communications. *See id.* at 867–69.

Third, the injunction requires the government to permit access by counsel and paralegals to plaintiffs during certain hours, including the option to meet during meal times. *See id.* at 869. It also requires access by paralegals who are unaccompanied by counsel. *See id.*

Fourth, the injunction requires the government to permit detainees to retain copies of the *Orantes* advisal, legal services

to a hearing to determine whether he can

list, legal materials, and written materials. *See id.* at 869–70.

Finally, the injunction restricts the government's ability to transfer unrepresented detainees to other facilities for at least seven days to give detainees the opportunity to obtain counsel. *See id.* at 870–71.

### 2. Provisions Dissolved

The district court dissolved the provisions regarding group legal presentations at the Port Isabel Service Processing Center and solitary confinement, finding isolated or no violations of these provisions. *Id.* at 867, 872, 875. The district court's findings are not clearly erroneous.

## IV. CONCLUSION

The district court did not abuse its discretion in denying the motion to dissolve the injunction because there is no clear error in judgment, the factual findings are not clearly erroneous, and the district court applied the correct law. *See Flores,* 516 F.3d at 1163; *S.E.C. v. Coldicutt,* 258 F.3d 939, 941 (9th Cir.2001). The government "failed to demonstrate ... that compliance with the injunction has become substantially more onerous, unworkable because of unforeseen obstacles, detrimental to the public interest, or legally impermissible." *Coldicutt,* 258 F.3d at 945; *see Rufo,* 502 U.S. at 384, 112 S.Ct. 748; *Asarco,* 430 F.3d at 979.

We also affirm the district court's consolidation of the injunction's provisions into one document because the consolidated order assists us in our adjudication of the primary appeal, *see McClatchy Newspapers v. Cent. Valley Typographical Union No. 46, Int'l Typographical Union,* 686 F.2d 731, 734 n. 2 (9th Cir.1982), and does not amount to a material change altering the posture of the case on appeal, *see*

remain in the United States. *Id.* at 852–53.

*Natural Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). As the district court stated, the consolidation does not signal the district court's adoption or ratification of the original injunction.

**AFFIRMED.**

---

1.  Honorable James K. Singleton, Jr., Senior District Judge, District of Alaska, sitting by designation.

2.  This disposition is not appropriate for publication and may not be cited to or by courts of this circuit except as provided by Ninth Circuit Rule 36–3.